## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| LELA M. BURTON<br>     *Plaintiff,*<br><br>v.<br><br>NOVO NORDISK, A/S and NOVO NORDISK INC.,<br>     *Defendant(s).* | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27   (ECF) 503.

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Lela M. Burton.

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                                ,

as                                        of the estate of                                    , deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                    .

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A                                                          .

**Defendant(s)**

5.    Plaintiff(s)/Decedents Representative is/are suing the following Defendant(s) (check all that apply):

☑ Novo Nordisk Inc.

☑ Novo Nordisk A/S

☐ Eli Lilly and Company

☐ Lilly USA, LLC

☐ Other(s) (identify):                                                    .

## JURISDICTIION AND VENUE

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Plaintiff is a citizen of the United States; a citizen of the State of Mississippi; and a resident of the city of Newton, Mississippi.

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Plaintiff's Physician(s) ("prescribing physician(s)") prescribed the Ozempic that was used by the Plaintiff in Newton, Mississippi.

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Plaintiff is and was a citizen of the State of Mississippi at the time of her GLP-1 Ra Product(s) at issue.

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Plaintiff resided in Newton, Mississippi at the time of diagnosis of her injury(ies).

10. Jurisdiction is based on:

☑Diversity of citizenship pursuant to 28 U.S.C. § 1332

☐Other (plead in sufficient detail as required by applicable rules):

_____.

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14 and/or to where remand could be ordered:

Southern District of Mississippi, Southern Division (S.D. Miss., Southern Div.).

12. Venue is proper in the District Court identified in Paragraph 11 because:

☑    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there.

☐    other (plead in sufficient detail as required by applicable rules):

_____.

3

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____.

## PRODUCT USE

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are

being asserted in this case (check all that apply):

☑    Ozempic (semaglutide)

☐    Wegovy (semaglutide)

☐    Rybelsus (oral semaglutide)

☐    Victoza (liraglutide)

☐    Saxenda (liraglutide)

☐    Trulicity (dulaglutide)

☐    Mounjaro (tirzepatide)

☐    Zepbound (tirzepatide)

☐    Other(s) (specify):

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s) (if multiple products, specify date range(s) for each product):

The Plaintiff used the GLP-1 receptor agonist Ozempic (semaglutide), produced by Novo Nordisk A/S, et al, during approximately January through November 2020 and again during approximately March 2022 through September 2023.

## INJURIES AND DAMAGES

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA

Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

☑ Gastroparesis

☑ Other gastro-intestinal injuries (specify) gastroparesis like sequelae, dehydration; chronic constipation; epigastric and abdominal pain; chronic nausea; dysphagia; bloating; early satiety; frequent belching; gastric food retention/bezoar with deferred esophageal dilation due to aspiration risk; and provisional enterocolitis.

☐ Ileus

☐ Ischemic Bowel/Ischemic Colitis

☐ Intestinal Obstruction

☐ Necrotizing Pancreatitis

☐ Gallbladder Injury (specify) _____.

☑ Micronutrient Deficiency

☐ Wernicke's encephalopathy

☐ Aspiration

☐ Death

☐ Additional/Other(s) (specify): _____.

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Plaintiff's injuries occurred on or after April 17, 2023, when gastroparesis was objectively observed on EGD and later confirmed gastric emptying study. As a result of Ozempic-induced gastroparesis, Plaintiff suffered gastroparesis like sequelae, GERD, chronic constipation, dysphagia, chronic nausea, abdominal pain, early satiety,

<u>aspiration risk requiring procedural modification, dehydration, malnutrition, and vitamin deficiencies requiring ongoing medical care</u>.

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, paid and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

☑     Injury to self

☐     Injury to person represented

☑     Economic loss

☐     Wrongful death

☐     Survivorship

☐     Loss of Services

☐     Loss of consortium

☐     Other(s) (specify):_____.

## **CAUSES OF ACTION**

19.      In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following causes of Action and allegations asserted int eh Master Complaint (check all that apply):

☑ Count I:        Failure to Warn – Negligence

☑ Count II:       Failure to Warn – Strict Liability

☑ Count III:      Breach of Express Warranty/Failure to Conform to Representations

☑ Count IV:      Breach of Implied Warranty

☑ Count V:       Fraudulent Concealment/Fraud by Omission

6

☑ Count VI:       Fraudulent/Intentional Misrepresentation

☑ Count VII:      Negligent Misrepresentation/Marketing

☑ Count VIII:     Strict Product Liability Misrepresentation/Marketing

☑ Count IX:       Innocent Misrepresentation/Marketing

☑ Count X:        Unfair Trade Practices/Consumer Protection (see below)

☑ Count XI:       Negligence

☑ Count XII:      Negligent Undertaking

☑ Count XIII:     State Product Liability Act (see below)

☐ Count XIV:      Wrongful Death

☐ Count XV:       Loss of Consortium

☐ Count XVI:      Survival Action

☐ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above. *

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    Miss. Code Ann. § 75-24-5(1), (2)(e), (g), (i), Acts or practices prohibited and Miss. Code Ann. § 75-24-15, Private actions; claims filed on behalf of veterans, which provides for private cause of action and the recovery of relief, including costs and reasonable attorney fees.

b.  Identify the factual allegations supporting those claims (by subsection,

if applicable:

Defendants misled consumers regarding the safety and risks associated with use

of their GLP-1 RA, by overstating benefits and understating risks from using

the products. For more particular's facts, see Counts I through X and XIII, of

the Amended Master Complaint (Doc. No 481) and the Factual Allegations

Section of the Amended Master Complaint, paragraphs 29 through 110 and

paragraphs 153 through 603.

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") pf any jurisdiction as identified in Count XIII above. *

a.  Indicate the specific statute (including subsections) under which Plaintiff(s)

is/are bringing such claims:

Miss. Code Ann. § 11-1-63, Product Liability suits, in its entirety, but with

emphasis on § 11-1-63(a), and Miss. Code Ann. § 11-1-65, in its entirety,

which allows for the recovery of punitive damages in addition to compensatory

damages, if the defendant is found to have acted with actual malice or gross

negligence that evidences a willful, wanton, or reckless disregard for the safety

of others, or commission of actual fraud.

b.  Identify the legal theories identified in Paragraph 19 above (*e.g.,* negligent

failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

See Counts 1 through X and XIII of the Amended Master Complaint. Including,

8

Failure to Warn – Negligence; Failure to Warn – Strict Liability; Breach of Express Warranty/Failure to Conform to Representations; Breach of Implied Warranty; Fraudulent Concealment/Fraud of Omission; Fraudulent/ Intentional Misrepresentation; Negligent Misrepresentation/Marketing; Innocent Misrepresentation/Marketing; Unfair Trade Practices/Consumer Protection; Negligence; Negligent Undertaking; and the provisions of Mississippi Products Liability Law as set forth above.

c.  Identify the factual allegations supporting those claims:

Defendants as both a seller and manufacturer of the GLP-1 Products produced a Defective product that was inherently unsafe and known to be unsafe to the ordinary consumer, and which Defendants knew could have been designed to be safer, and that would cause injury as produced and sold. Defendants also failed to provide adequate warnings, or information with regard to their product and misled consumers regarding the safety and risks associated with use of their GLP-1 Products, by overstating benefits and understating risks from using the products. For more particular's facts, see Counts I through XIII of the Amended Master Complaints (Doc. No. 481) and the Factual Allegations Section of the Amended Master Complaint, paragraphs 29 through 110 and paragraphs 153 through 603.

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? N/A. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint,* as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: <u>March 19, 2023</u>.

By:

**/s/Wesley K. Elmer**
Wesley K. Elmer (LA BAR NO. 23724)
Nicholas Rockforte (LA BAR NO. 31305)
Derrick G. Earles (LA BAR NO. 29570)
David C. Laborde (LA BAR NO. 20907)
**LABORDE EARLES LAW FIRM**
1901 Kaliste Saloom Rd. Lafayette, LA 70508
P: (337) 261-2617
F: (337) 261-1934
wesley@onmyside.com
nicholas@onmyside.com
digger@onmyside.com
david@onmyside.com

*Attorneys for Plaintiff*